**Anton J. Cermak, Bailiff, for use of City Hall Square Company, Defendant in Error, v. Royal Furniture Company and Chicago Bonding & Surety Company, Plaintiffs in Error.**

**Gen. No. 21,228.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed May 12, 1916.

## Statement of the Case.

Action of debt by Anton J. Cermak, bailiff of the Municipal Court of Chicago for use of City Hall Square Company, plaintiff, against Royal Furniture Company, a corporation, and Chicago Bonding & Surety Company, a corporation, defendants, wherein plaintiff recovered a judgment for $881.40 and costs against defendants on a replevin bond. To reverse this judgment defendants prosecute this writ of error. The proceeding grew out of a replevin suit brought in the Municipal Court of Chicago by the Royal Furniture Company against the City Hall Square Company, for the possession of certain furniture, to which the Royal Furniture Company claimed title by virtue of two chattel mortgages executed on July 10th and August 10, 1913, respectively, by I. C. Newman & Company, a corporation, in favor of the said Royal Furniture Company. The chattel mortgages under which the Royal Furniture Company claimed title were executed by the said I. C. Newman & Company, acting through its treasurer, and were acknowledged on the aforesaid dates by one Carl W. Nelson as attorney in fact, who derived his authority under a power of attorney attached to each of these documents. The validity of these two chattel mortgages as against third persons was, under a stipulation between the parties, the sole question to be determined.

414    APPELLATE COURTS OF ILLINOIS.

The Harmony Co. v. The Sanitary D. C. Co., 199 Ill. App. 414.

LUCIUS J. M. MALMIN, for plaintiffs in error.

D. P. TRUDE and M. MARSO, for defendant in error.

MR. PRESIDING JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

CHATTEL MORTGAGES, § 55*—*when acknowledgment by attorney in fact insufficient.* Under section 2 of the Chattel Mortgage Act (J. & A. ¶ 7577), the acknowledgment by an attorney in fact under a power of attorney of a chattel mortgage executed for a corporation by its treasurer is invalid as against third persons.

## The Harmony Company, Appellee, v. The Sanitary Drinking Cup Company, Appellant.

### Gen. No. 21,269.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed May 12, 1916. *Certiorari* denied by Supreme Court (making opinion final).

## Statement of the Case.

Action by The Harmony Company, a corporation, plaintiff, against The Sanitary Drinking Cup Company, a corporation, defendant, to recover damages for the alleged breach of a certain contract entered into between the parties, plaintiff claiming as its measure of damages the contract price of certain vending machines alleged to have been manufactured by plaintiff at the special instance and request of the defendant under the contract. The court found the issues for the plaintiff, and having entered judgment thereon for $3,000 and costs, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.